{¶ 13} I respectfully dissent on the grounds that the State failed to carry its burden in the trial court of going forward with some evidence to show the time limits were extended. An accused presents a prima facie case for discharge by demonstrating that the time limit imposed by R.C.2945.71 has expired. The burden then shifts to the State to show the statutory time limit has been extended under R.C. 2945.72. See,State v. Hiatt, 1997, 120 Ohio App.3d 247 at 261
 {¶ 14} Here the State failed to respond to Fristoe's motion to dismiss, which presented a prima facie case for discharge. Its failure to go forward in the trial court was fatal and cannot be rectified by raising issues here that it should have presented to the trial court. Thus, I would affirm.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, that the case be remanded for further proceedings and that appellant recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of *Page 6 
the Rules of Appellate Procedure.
Harsha, J.: Dissents with Dissenting Opinion
McFarland, J.: Concurs in Judgment Opinion *Page 1